## Case No. 4,720.

### FELIZ v. UNITED STATES.

[Hoff. Land Cas. 69.]

District Court, N. D. California. Dec. Term, 1855.

Irving & Rose, for appellant.
S. W. Inge, U. S. Atty., for appellees.

HOFFMAN, District Judge.

The claim in this case was rejected by the board of commissioners for want of proof of the genuineness of the grant, and because the grant itself contained no description of the land to identify it or enable a surveyor to determine its locality. On looking at the evidence before the board, we find no proof even of the signature of the governor to the original grant. The expediente from the archives was neither produced nor accounted for, but the evidence was confined to the point of occupation and cultivation by the grantee. Since the appeal has been taken, evidence of the genuineness of the signature of Governor Micheltorena has been offered, and a duly certified copy of the expediente on file in the archives has been offered in evidence and admitted by the district attorney. In the original grant the signature of the secretary is wanting, but though this circumstance might suggest a doubt as to the genuineness of the document, we are not aware that the signature of the secretary was a legal requisite to grants of this description. The grant was made on the ninth of November, 1844. By the testimony of James Black and Jesus Piña, taken in this court, it appears that the claimant in the spring of 1845 was living on his land, and that in August of that year he had built a house, and also had a garden, a corral, and had cattle upon it. This testimony is important, not only as showing a performance of the conditions, but tending to dissipate whatever doubts might otherwise have been entertained as to the authenticity of the grant. The objection taken by the board to the claim for want

of proof as to its genuineness is thus obviated by the additional testimony taken in this court, and as no argument has been offered, or suggestion made to the contrary, we presume that no doubt is entertained on the point by the district attorney.

The second ground on which the claim was rejected by the board, was the want of a description sufficient to indicate the granted premises. The expediente containing the map referred to in the grant has been produced in this court, as already mentioned. The grant describes the land as the "place called 'Sanel,' its boundaries being the 'Serranias Altas' and the river." By the testimony of Jesus Piña, it appears that the place called "Sanel" is well known; that it is situated on Russian river, and derives its name from a tribe of Indians called "Sanel Indians," who live there and have a rancheria there. The witness, on being shown the map in the expediente, recognizes it as being a map of the place called "Sanel." James Black testifies that he has known the place called "Sanel" since 1842, and that it was always called by that name. That it is the name of a valley, and that every body in that vicinity knows it by that name, and that it has always been so known since he became acquainted with it. The witness further states that in his opinion a surveyor could, by the aid of the map, locate the land thereon designated as the "Terreno que se solicita." Without invoking, therefore, the principles decided in the Case of Fremont,[1] we think we are justified under this evidence in concluding that the designation by name in the grant of the tract granted, with its boundaries, and the delineation on the map taken together, indicate with reasonable certainty and precision the locality of the granted land.

No doubt as to the performance of the conditions is suggested. The claimant has from the spring of the year succeeding that in which he obtained the grant, up to the present time, continued to reside upon and cultivate his land; and he even appears to have given his name to the place, for in the engraved map of the mining region of California, appended to the deposition of Black, the name "Feliz" appears, and is identified by the witness as the name of the place occupied by the claimant.

No other objections than those already considered are mentioned in the opinion of the board, or are suggested by the district attorney. We think, therefore, that this claim ought to be confirmed, to the extent of four leagues, if that quantity shall be found within the boundaries delineated on the map; and if the quantity so contained shall be less than four leagues, then that that lesser quantity be confirmed to him.

[1] [Case No. 15,164.]